IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS


ALAN J. CHUMLEY,

          Plaintiff,


          vs.                       Case No. 09-1088-JTM


MICHAEL J. ASTRUE, Commissioner of
Social Security,

          Defendant.



MEMORANDUM AND ORDER


     Plaintiff Alan Chumley has applied for supplemental Social Security income disability benefits. His application was denied by the Administrative Law Judge (ALJ) on September 19, 2008, a decision affirmed by the Appeals Council on February 25, 2009. There are two allegations of error by Chumley. First, that contrary to 20 C.F.R. § 404.1529, the ALJ erred by failing to find that his personality disorder was a severe impairment. Second, that contrary to Social Security Ruling (SSR) 96-80 the ALJ erred in making an assessment of his residual functional capacity (RFC) which failed to include all of his limitations.

     Plaintiff-claimant Chumley has stated that he became disabled due to a combination of ailments including injuries to his knee and ankle, as well as depressive personality disorder. He has apparently never engaged in substantial work. (Dkt. 7-3, at 17). The detailed facts of the case, which

are incorporated herein, are set forth independently in the ALJ's opinion (*Id.*, at 11-17), Chumley's brief (Dkt. 14, at 3-4, ¶¶ 1-10), and the Commissioner's response (Dkt. 20, at 3-4).

The ALJ found that Chumley was severely impaired by his history of right ankle fracture, degenerative joint disease of the left knee, and depression (Dkt. 7-3, at 11). However, the ALJ determined that Chumley's impairments did not meet or equal any of the Commissioner's listed impairments. The ALJ specifically considered Listings 1.02, 1.06, and 12.04, and found that Chumley retained the RFC to perform unskilled work at the sedentary exertional level. (*Id.* at 13). Finding that Chumley had no past relevant work, the ALJ followed the Medical-Vocational Guidelines in determining that he could perform a significant number of jobs in the national economy. (*Id.* at 17-18).

The Commissioner determines whether an applicant is disabled using a five-step sequential evaluation process (SEP) pursuant to 20 C.F.R. §§ 404.1520 and 416.920. The applicant has the initial burden of proof in the first three steps: he must show that he is engaged in substantial gainful activity, that he has a medically-determinable, severe ailment, and whether that impairment matches one of the listed impairments of 20 C.F.R. pt. 404, subpt P., app. 1. *See Ray v. Bowen*, 865 F.2d 222, 224 (10th Cir. 1989). If a claimant shows that he cannot return to his former work, the Commissioner has the burden of showing that he can perform other work existing in significant numbers in the national economy. 20 C.F.R. § 404.1520(f). *See Channel v. Heckler*, 747 F.2d 577, 579 (10th Cir. 1984).

The court's review of the Commissioner's decision is governed by 42 U.S.C. 405(g) of the Social Security Act. Under the statute, the Commissioner's decision will be upheld so long as it

applies the "correct legal standard," and is supported by "substantial evidence" of the record as a whole. *Glenn v. Shalala*, 21 F.3d 983, 984 (10th Cir. 1994).

Substantial evidence means more than a scintilla, but less than a preponderance. It is satisfied by evidence that a reasonable mind might expect to support the conclusion. The question of whether substantial evidence supports the Commissioner's decision is not a mere quantitative exercise; evidence is not substantial if it is overwhelmed by other evidence, or in reality is a mere conclusion. *Ray*, 865 F.2d at 224. The court must scrutinize the whole record in determining whether the Commissioner's conclusions are rational. *Graham v. Sullivan*, 794 F. Supp. 1045, 1047 (D. Kan. 1992).

This deferential review is limited to factual determinations; it does not apply to the Commissioner's conclusions of law. Applying an incorrect legal standard, or providing the court with an insufficient basis to determine that correct legal principles were applied, is grounds for reversal. *Frey v. Bowen*, 816 F.2d 508, 512 (10th Cir. 1987).

As noted earlier, the plaintiff contends in the present appeal that the ALJ failed to properly account for his mental condition, arguing that the ALJ should have found under 20 C.F.R. § 404.1529 that his mental impairment was severe. (Dkt. 14, at 6, 8). In particular, the plaintiff relies on the evidence supplied by Dr. Michael Schwartz (Ph.D.) indicating that he suffered from a personality disorder with dependant and anti-social features, and the October, 2006 review conducted by state agency psychologist Dr. George Stern, who prescribed moderate limitations in light of his ability to understand and follow instructions. Further, Chumley complains that the ALJ failed to incorporate "the depression or the personality disorder in the [final] RFC." (*Id*. at 9).

The court finds no error. The ALJ specifically found that Chumley suffers from the "severe impairments [of] right ankle fracture, [d]egenerative joint disease, *and* [*d*]*epression*." (Dkt. 7-3, at 11) (emphasis added). The ALJ also incorporated these findings into the final RFC, specifically noting that Chumley "has a depressive disorder, and is therefore limited to unskilled work." (*Id*. at 17).

There is substantial evidence underlying the ALJ's determination that Chumley's mental impairment did not create limitations beyond the restriction to unskilled work. The ALJ specifically noted that Dr. Schwartz himself had "noted from the very beginning that the claimant's presentation was suspect due to a number of inconsistencies," which the ALJ then detailed. (Id. at 15). The ALJ found that Schwartz's assessment was to be given substantial weight, as it was "based upon direct observation and examination," and was both "internally consistent as well as consistent with the evidence as a whole." (*Id*. at 16). The report by Dr. Stern, which the ALJ did not ignore but explicitly referenced (Dkt. 7-3, at 16), concluded that Chumley "was capable of following and remembering simple and intermediate directions," and that in fact he "would do well in a low stress job with little interaction with the public." (Dkt. 7-8, at 361). Finally, the ALJ specifically found that Chumley's claim of substantial limitations in his abilities were not credible, noting only mild indications of limits on his social functioning, the nonexistence of any history of terminations or job discipline, his daily functioning, his history of physical activity, his poor earnings record, and Dr. Schwartz's report that Chumley failed to cooperate with his evaluations. In summary, the ALJ's opinion properly reflected a synthesis of the available and substantial evidence.

Chumley next argues that the ALJ erred in failing to ask the vocational expert about available jobs through questions which specifically incorporate the mild limitations recommended by Dr.

Stern. (Dkt. 14, at 11). The court finds no error. The ALJ's conclusion (Dkt. 7-3, at 17) that there were substantial jobs in the national economy was not premised on the testimony of the vocational expert but upon on the Medical-Vocational Guidelines, *see* 20 C.F.R. pt. 404, subpt. P, app. 2, § 201.18 (2009). Specifically, the ALJ noted that under Medical-Vocational Rule 201.00 there were numerous "separate sedentary *unskilled* occupations within eight broad occupational categories, each occupation representing numerous jobs" that Chumley could perform. (*Id.* (emphasis in original)) The ALJ's conclusion at step five was not erroneous.

IT IS ACCORDINGLY ORDERED this 22nd day of September, 2010, that the present appeal is hereby denied.

s/ J. Thomas Marten
J. THOMAS MARTEN, JUDGE